UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br> v.<br>CLIFTON JAMES JACKSON,<br><br>        Defendant. | Case No. 3:18-cr-00105-HDM-WGC<br><br>ORDER |

   Defendant Clifton James Jackson has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 115). The government has opposed (ECF No. 117), and Jackson has replied (ECF No. 118).

   In November 2011, Jackson was charged by way of indictment in Case No. 3:11-cr-00142 with one count of felon in possession of a firearm. Jackson was convicted following a jury trial and sentenced to 180 months imprisonment and three years of supervised released. In 2016, pursuant to a joint motion to vacate pursuant to 28 U.S.C. § 2255 filed by the government and the defendant, Jackson was resentenced to 60 months imprisonment and three years of supervised release. Jackson was released from custody and began his term of supervised release on November 8, 2016.

   On December 1, 2018, Jackson was arrested by state authorities on various charges -- several relating to unlawful possession and discharge of a firearm. A petition for revocation of supervised release was filed in Case No. 3:11-cr-00142. In addition, the grand jury returned an indictment charging Jackson with felon in

1

possession of a firearm and felon in possession of ammunition in this case.

Jackson proceeded to trial in this case. The jury found him guilty of the firearm count and not guilty of the ammunition count. On the basis of the guilty verdict in this case and all the relevant evidence introduced at trial, the court further found Jackson guilty of violating his supervised release in Case No. 3:11-cr-00142. Jackson was sentenced to 78 months in custody in this action, to be followed by three years of supervised release. He was sentenced in Case No. 3:11-cr-00142 to 18 months, consecutive to the sentence in this case, and to an 18-month term of supervised release, which will run concurrently with the term of supervised release in this case.

Having served less than a third of his sentence in this case, Jackson now seeks early release from confinement pursuant to the provisions of 18 U.S.C. § 3582(c)(1)(A).

**I. Standard**

18 U.S.C. § 3582(c)(1)(A) provides in relevant part:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .

2

> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[1]

U.S.S.G. § 1B1.13 provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
>     (1)(A) extraordinary and compelling reasons warrant the reduction;
>
>     . . .
>
>     (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
>     (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

The defendant is not entitled to be present for a hearing on a motion for compassionate release. *See* Fed. R. Crim. P. 43(b)(4).

**II. Analysis**

Jackson seeks release pursuant to § 3582(c)(1)(A) due to the COVID-19 epidemic and his underlying health conditions, which he argues put him at greater risk of severe COVID-19 complications should he contract the virus. The government opposes, arguing that Jackson has established neither extraordinary and compelling

---

[1] In addition to "extraordinary and compelling reasons," the court may grant a motion if "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." 18 U.S.C. § 3582(c)(1)(A)(ii). Because Jackson is not over 70 years of age and has not served more than thirty years in prison, this provision does not apply.

3

reasons support his release nor that a reduction in sentence is appropriate under the factors of 18 U.S.C. § 3553(a).

**A. Exhaustion**

Before a defendant may file a § 3582(c)(1)(A) motion, he must either (1) exhaust any administrative appeals of the warden's refusal to bring a motion or (2) wait thirty days from the warden's receipt of the request, whichever is earlier. The government concedes that Jackson's motion is exhausted. Jackson submitted a request for compassionate release to the warden on June 16, 2020. The warden denied Jackson's request on June 24, 2020. (ECF No. 115-2 (Ex. A)). Thirty days have elapsed from the date Jackson's request was submitted to the warden, so the motion is exhausted.

**B. Extraordinary and Compelling Reasons**

Section 1B1.13 sets forth specific examples of "extraordinary and compelling reasons," including in relevant part that the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 app. n.(1)(A)(ii)(I). There is also a catch-all provision, which provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* app. n.(1)(D).

Jackson asserts that the COVID-19 epidemic, in combination with underlying health conditions that put him at greater risk of COVID-19 complications, pose extraordinary and compelling reasons

4

for his release. Jackson is 56 years old, is a member of a racial minority, has hypertension, is borderline obese and is in remission for Type II diabetes. He asserts that all of these conditions put him at a greater risk of severe COVID-19 outcomes were he to contract the illness. Jackson argues that although his diabetes is in remission, diabetes is a chronic condition and that the COVID-19 precautions being taken by the Bureau of Prisons prevent him from doing the physical activity necessary to keep not only his diabetes, but also his hypertension and weight, under control. Finally, Jackson asserts that he also suffers from an enlarged prostate, which is not currently being treated due to the pandemic.

The government contends that Jackson has not established that his current medical condition amounts to extraordinary and compelling reasons for his release. It argues that only pulmonary hypertension is a known risk factor for COVID-19 complications and that the results are "mixed" as to whether regular hypertension also increases risk. It argues that Jackson does not currently suffer from diabetes and that he is not obese.

Whether Jackson's current medical condition puts him at a higher risk of COVID-19 complications is a close question – one that is made closer by the fact that there is no evidence his institution has endured a rapid or wide spread of COVID-19. *See* https://www.bop.gov/coronavirus/ (last accessed Sept. 18, 2020) (reflecting one active COVID-19 case at FCI Herlong of nine positive results overall). But even assuming that Jackson's condition in light of the COVID-19 epidemic does establish extraordinary and compelling reasons for release, the court would

5

nevertheless deny his motion because the 18 U.S.C. § 3553(a) factors do not favor his release.

### C. 18 U.S.C. § 3553(a) Factors

The court may grant compassionate release only if the defendant is not a danger to any other person or to the community, as provided in 18 U.S.C. § 3142(g), *United States v. Johnson*, 2020 WL 2114357, at *1 (E.D. Wash. May 4, 2020) ("[T]he Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act."), and the relevant 18 U.S.C. § 3553(a) factors favor release.

Jackson's conduct at issue in this case was serious and involved possession of a stolen firearm while on supervised release for unlawful possession of a firearm. It furthermore involved discharge of a firearm in a populated area and in the presence of his teenage son. Jackson's criminal history is, in addition, substantial and involved several theft offenses, several drug offenses, attempted robbery, and battery with a deadly weapon. Finally, Jackson has served less than a third of his sentence in this case, which weighs heavily against granting a release at this time. Considering the nature and circumstances of the offense and Jackson's history and characteristics, the court concludes that Jackson's motion should be denied in order to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and avoid unwarranted sentencing disparities. The motion for compassionate release will therefore be denied on those grounds.

### III. Conclusion

In accordance with the foregoing, Jackson's motion for compassionate release (ECF No. 115) is hereby DENIED.

IT IS SO ORDERED.

DATED: This 18th day of September, 2020.

*Howard D. McKibben*
UNITED STATES DISTRICT JUDGE